LILLIS COUCH v. EMMA C. WRIGHT.

1. DESCENT OF PROPERTY; *Who are Heirs.* The property of one dying intestate, unmarried, and leaving no children, descends to the parents or surviving parent of the intestate; but if both such parents are dead, then to the heirs-at-law of such deceased parents.

2. —————— *Widow of Deceased Heir.* Where H., L., and D., were the only heirs-at-law of their deceased parents, and D. died leaving a widow and one child, and such child of D. also died, unmarried and without issue, and H. thereafter died, unmarried and without issue, seised of lands in fee simple, L. and the widow of D., under the statutes of Kansas, are entitled to an equal moiety of the lands of which H. died seised. If D. had survived H., he would have inherited equally with L.; and in case of his decease, the same rule obtains for determining who are D.'s heirs, as in any other case of descent, and such heirs are entitled to his share.

*Error from Bourbon District Court.*

ACTION brought by Mrs. *Wright* for the partition of certain lands, to an equal moiety of which with plaintiff in error, Mrs. *Couch*, she claimed title as heir-at-law of Henrietta Andrick, deceased. The answer denied that plaintiff had any title to or interest in the lands; and the only question at issue was, whether under the statute of descents Mrs. *Wright* was an heir-at-law of said Henrietta Andrick. The facts, as found specially by the court, are as follows: Henrietta Andrick died intestate, without issue and unmarried, in the month of April 1875, in Bourbon county, seised in fee simple of certain lands described in the petition. Said Henrietta was the daughter of Jacob Andrick and of Mada Andrick, wife of said Jacob. Said Mada Andrick, wife of said Jacob, died in 1862, leaving as her only heirs-at-law, her husband, said Jacob Andrick, and the children of herself and her said husband, to-wit, John C. Andrick, David S. Andrick, *Lillis Couch*, and said Henrietta Andrick. Said Jacob Andrick died in January 1864, unmarried, leaving as his only heirs-at-law, his said children, John C. Andrick, David S. Andrick, *Lillis*

*Couch*, and Henrietta Andrick. Said John C. Andrick died, unmarried and without issue, 2d January 1866. Said David S. Andrick died, intestate, 30th January 1866, leaving surviving him his widow, *Emma C.*, and an only child, Mada E. Andrick, his only issue, daughter of himself and of said *Emma C.*, his wife. Said *Emma C.*, who was the wife, and afterward the widow of said David S. Andrick, after the death of said David S., intermarried with Samuel C. Wright, and thus became by name *Emma C. Wright.* Said Mada E. Andrick, who was the issue and daughter of said David S. Andrick, and said *Emma C.*, died, unmarried and without issue, in June 1874. The lands described in the plaintiff's petition were inherited by said Henrietta Andrick in part from her said father, Jacob Andrick, and the remainder from her said brother, John C. Andrick. The district court, at the May Term 1876, held that *Emma C. Wright* was heir to Henrietta Andrick, jointly with *Lillis Couch*, and decreed partition of the lands accordingly. Mrs. *Couch* brings the case here on error.

*Hulett & McCleverty*, for plaintiff in error, contended, that Mrs. Wright acquired no interest in the land of which Henrietta Andrick died seised. Said lands were inherited by said Henrietta, and constituted that share of the estates of her father and brother to which she, as one of several heirs then living, was entitled. The other heirs, Mrs. Wright included, severally received their respective shares of such estates. Mrs. Wright's only ground for now claiming title to one-half the lands of said Henrietta, and the right to compel partition thereof, is, that she was formerly the wife, and then the widow of David S. Andrick, (a brother of said Henrietta.) Whatever might be said as to her right to the undivided one-fourth of the lands in question, as the mother and heir-at-law of the daughter (Mada E.) of the deceased David S. and herself, it seems clear that, as to the other undivided one-fourth interest claimed by her, she has no right or interest, as her husband and daughter both deceased long before

the death of said Henrietta. In contemplation of law, she is a stranger to the estate of said Henrietta. The trial court erred, and the judgment should be reversed.

*D. P. Lowe,* for defendant in error, maintained that the judgment was correct under our statute of descents. It appears that plaintiff below was the widow of a brother of the deceased, and that the decedent died unmarried, without issue, and without parents living, and that Lillis Couch, defendant below, and sister of decedent, was the only other person in being who could inherit from the deceased. As said Henrietta died unmarried and without issue, her estate would go to her parents if living. (Gen. Stat. 394, § 20; 5 Kas. 391.) As her parents were both dead, the estate is to be "disposed of in the same manner as if they or either of them had outlived the intestate and died in the possession and ownership of the portion thus falling to their share or to either of them." (Gen. Stat. 394, § 21.) The first step therefore in the line of descent from Henrietta Andrick, is to devolve the estate upon her parents as though living at the time of her death. The estate then descends as though her parents *then* died in ownership and possession of the estate. The question therefore is, if her parents had in fact died immediately after Henrietta's death to whom would the estate have passed? Her parents had died leaving four children, John C., David S., and Henrietta Andrick, and Lillis Couch. At the time of Henrietta's death, John C. had died without issue and unmarried. Lillis Couch, (plaintiff in error) was living, and an heir. David S. Andrick was dead, but had left a widow, (defendant in error,) and a daughter, Mada E. Upon the death of Henrietta, therefore, who died without issue, the lines of descent from Jacob Andrick and wife through John C. and Henrietta Andrick were extinct, leaving as heirs of Jacob Andrick and wife, and therefore heirs of Henrietta, Lillis Couch and the heirs of David S. Andrick. The estate therefore passing from Henrietta to her parents descends as from them, one-half to Lillis

8 — 20 KAS.

Couch and the other half to the heirs of David S. Andrick. Who then at the time of Henrietta's death, April 1875, were the heirs of David S. Andrick? (Gen. Stat. 394, §§ 18, 19.) Was Emma C. Wright, defendant in error, such heir? The heirs of David S. Andrick at the time of his death were his widow Emma C., and their daughter Mada E. By § 8 of our statute of descents, the wife inherits one-half the estate of her husband if there are children, and by § 20, she inherits the whole if there be no children. At the time of this descent therefore, April 1875, Emma C. Wright, as widow of David S. Andrick, was his only heir, his daughter Mada E. having died in June 1874. The statute (§ 19) gives to the heirs of David S. Andrick, whoever they may be, the same portion that he would have received had he outlived his parents, Jacob Andrick and wife, and died in the possession and ownership of the portion he would have received from them. If it could be supposed that any portion of the estate descended upon or through Mada E. Andrick, the result would be the same, as Emma C. Wright is the only heir of her daughter Mada E. "The statute may make any person an heir. An heir in law, is simply one who succeeds to the estate of a deceased person." (5 Kas. 392.) That the estate would pass from Henrietta to her parents, Jacob Andrick and wife, as though they were living at the time of her death, and then pass to the heirs of Jacob Andrick and wife as though they had then died, is clear under § 21. But the line of descent in that case from Jacob Andrick and wife to Emma C. Wright is precisely the line of descent sustained in the case of *Dodge v. Beeler*, 12 Kas. 524, and that case is clearly decisive of this.

*By the Court*, HORTON, C. J.: This case seems to be almost identical with the case of *Dodge v. Beeler*, 12 Kas. 524, as respects the grounds upon which the claim of defendant in error is based, and with the decision in that case we are entirely satisfied. As the decision of the court below followed the rule of construction enunciated in *Dodge v. Beeler*, the judgment will be affirmed.

All the Justices concurring.