No. 23,054.

KATHERINE VAUGHN CLINE, *Appellant*, V. MARY KENNEDY
et al., *Appellees.*

SYLLABUS BY THE COURT.

DESCENTS AND DISTRIBUTIONS—*Rights of Surviving Husband.* When a
married woman dies intestate, leaving a husband and two children by
a former husband, her heirs at law are her surviving husband and
her children; and these heirs at law are vested at her death with all
her property and rights of property; and a subsequent marriage of
the husband to another woman does not divest him of his interest in
his dead wife's property.

Appeal from Leavenworth district court; JAMES H. WEN-
DORFF, judge. Opinion filed March 12, 1921. Affirmed.

*Arthur M. Jackson,* of Leavenworth, for the appellant.

*A. E. Dempsey,* and *Humphrey Biddle,* both of Leavenworth,
for the appellee.

The opinion of the court was delivered by

DAWSON, J.: The plaintiff brought proceedings to partition
her maternal grandfather's homestead, claiming all the inter-
est of her deceased mother, Katherine Erwin.

The heirs of her mother were the plaintiff herself, her sister
Mary, who later died unmarried and intestate, and plaintiff's
stepfather, James Erwin.

The trial court determined the proportionate interests of all
the parties, including that of James Erwin.

Plaintiff appeals, contending that her stepfather, James
Erwin, has no interest in the property. She is altogether
wrong, however; for the same statute which invests the plain-
tiff with a portion of the dead Katherine's property (Gen.
Stat. 1915, § 3841), likewise invested the dead Katherine's
husband with a portion, one-half of it. (Gen. Stat. 1915,
§§ 3831, 3850.)

It is immaterial that Katherine and James never claimed an
interest in the maternal grandfather's homestead during their
married life. If that fact had any potency, it would similarly
affect plaintiff's interest as well as that of her stepfather, be-

cause the rights of both are deraigned through Katherine. That James Erwin has married again since Katherine's death. is also immaterial. A half interest in all of Katherine's property and rights of property vested absolutely in James when Katherine died. His subsequent marriage did not divest him of that interest—no more than plaintiff's marriage has stripped her of her interest. (*Dodge v. Beeler,* 12 Kan. 524; *Couch v. Wright,* 20 Kan. 103.)

The judgment is affirmed.